IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO:    21- |
| v. | : | DATE FILED: |
| JAMES WILSON<br>a/k/a "James Jackson" | : | VIOLATIONS: |
| | : | 18 U.S.C. § 641 (conversion of<br>government funds- 1 count)<br>Notice of Forfeiture |

**I N F O R M A T I O N**

**COUNT ONE**

**(Conversion of Government Funds)**

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this information:

1.      The Social Security Administration ("SSA"), an agency of the United States, administered certain government benefit programs, including the Supplemental Security Income ("SSI") program, pursuant to Title 42, United States Code, Sections 1381-1383f.

2.       The SSI program, which was funded through general tax revenues of the United States, provided monthly cash benefits to individuals who were age sixty-five or over or who were "disabled," and who demonstrated financial need, as determined by his or her "income" and "resources," as those terms were defined for purposes of the Social Security Act.

3.      To receive SSI, applicants were required to report all income and assets, including property, and once approved for SSI payments, were required to notify SSA if they were working or received income from any source.

4.      Under the rules and regulations governing Social Security, a person may

not have more than one Social Security number.

5.     Defendant JAMES WILSON was born on or about May 31, 1957.

6.     In or about 1969, defendant JAMES WILSON applied for a social security number as "James Jackson", and the Commissioner of SSA assigned defendant WILSON social security number XXX-XX-3791.

7.     In or about 1970, defendant JAMES WILSON applied for a social security number and the Commissioner of SSA assigned defendant WILSON social security number XXX-XX-2780.

8.     In or about June 1994, defendant JAMES WILSON applied for SSI benefits under the name "James Jackson" and social security number XXX-XX-3791. Defendant WILSON was awarded these benefits under the identity "James Jackson" with social security number XXX-XX-3791.

9.     Beginning in or about June 1994, the SSA paid defendant JAMES WILSON SSI benefits under the name "James Jackson" and social security number XXX-XX-3791 by direct deposit into a Discovery Federal Credit Union account, which account was established in the name of "James Jackson."

10.     In or about November 1999, defendant JAMES WILSON applied for SSI benefits under social security number XXX-XX-2780.  Defendant WILSON was awarded these benefits.

11.     Beginning in or about November 1999, the SSA paid defendant JAMES WILSON's SSI benefits under social security number XXX-XX-2780, by direct deposit into a Fulton Bank account, which account was established in the name of defendant WILSON. Defendant WILSON also continued to receive SSI under the name "James Jackson."

2

12.     From in or about November 1999, to in and about April 2020, defendant

JAMES WILSON received SSI benefits under both the names JAMES WILSON and "James

Jackson."

13.     From in or about November 1999, and continuing through in or about

April 2020, in the Eastern District of Pennsylvania and elsewhere, defendant

**JAMES WILSON,**
**a/k/a "James Jackson,"**

knowingly converted to his own use money of the United States in excess of $1,000, that is,

approximately $157,535.20 in SSA benefits to which the defendant knew he was not entitled.

In violation of Title 18, United States Code, Section 641.

## NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

        1.      As a result of the violation of Title 18, United States Code, Section 641, set forth in this information, defendant

**JAMES WILSON,**
**a/k/a "James Jackson,"**

shall forfeit to the United States of America:

        (a)      any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such offense; including but not limited to the sum of $157,535.20.

        2.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

        (a)  cannot be located upon the exercise of due diligence;

        (b)  has been transferred or sold to, or deposited with, a third party;

        (c)  has been placed beyond the jurisdiction of the Court;

        (d)  has been substantially diminished in value; or

        (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C).


**JENNIFER ARBITTIER WILLIAMS**
**Acting United States Attorney**

*No.*_ _ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

JAMES WILSON
a/k/a "James Jackson"

INFORMATION

18 U.S.C. § 641 (conversion of government funds - 1 count)

A true bill.

_____
Foreman

Filed in open court this _____day,
Of _____A.D. 20_____

_____
Clerk

Bail, $_____